UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5749-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting his subjective testimony and his wife's hearing testimony. (Dkt. # 15 at 1-2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1967, has a GED, and has worked as a carpenter, dairy farmer, iron worker, apartment complex maintenance/repairperson, and mobile home setter. AR at 159, 433, 456. Plaintiff was last gainfully employed in February 2015. *Id.* at 441.

In October 2015, Plaintiff applied for benefits, alleging disability as of March 1, 2015.

ORDER - 1

AR at 404-17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 279-85, 291-304. After the ALJ conducted hearings in November 2017 and April 2018 (*id.* at 154-212), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 101-113.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since March 1, 2015, the alleged onset date.

Step two: Plaintiff's suspected psychogenic seizures, likely somatic symptom disorder, and chronic obstructive pulmonary disease are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can perform light work with additional limitations: he cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to pulmonary irritants and to hazards. He is limited to performing unskilled and semi-skilled tasks consistent with a specific vocational preparation level of four. He is limited to "low-stress work," defined as work requiring few changes or decisions.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 101-13.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 3.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

The ALJ discounted Plaintiff's subjective testimony for three reasons: (1) Plaintiff and his wife appear to sincerely believe that Plaintiff has a seizure disorder, but the objective evidence does not show that Plaintiff has a true epileptiform disorder and the record does not contain conclusive evidence of psychogenic seizures; (2) Plaintiff's performance on psychological testing raised questions about the validity of his results; and (3) the objective evidence is inconsistent with Plaintiff's allegations of disabling limitations caused by his COPD. AR at 108-10. The ALJ indicated that he discounted Plaintiff's testimony and his wife's

ORDER - 3

testimony for the same reasons. *Id.* at 111. An ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff's challenge to the ALJ's assessment of his testimony focuses on the ALJ's first reason: Plaintiff states that the "ALJ acknowledged there was evidence of non-epileptic seizures, probably psychogenic, in the record, but never addressed this source of the seizures[.]" (Dkt. # 15 at 5 (citing AR at 108). Plaintiff is mistaken: the ALJ discussed the evidence related to the possible psychological basis for Plaintiff's seizures at length:

> [E]ven though there may be a psychological basis for the claimant's alleged seizure episodes, no treating or examining psychologist has stated this conclusively. Moreover, given the claimant's overall lack of mental health treatment, there is no way of knowing whether the claimant's alleged seizure episodes may have been controlled had he engaged in treatment during the alleged period of disability. While the undersigned may find the testimony of the claimant and his wife to be genuine, subjective complaints are not sufficient to establish medically determinable impairments under the Regulations. Even the diagnostic impressions or opinions of acceptable medical sources are not sufficient alone to establish a medically determinable impairment. Rather, the existence of a medically determinable impairment must be established by objective diagnostic, clinical, and laboratory findings from an acceptable medical source. Furthermore, when there are inconsistencies or ambiguities in the medical evidence, and they cannot be resolved through additional actions taken by the Agency, a decision must be issued on the existing evidence of record. In the instant case, the undersigned has sent the claimant for multiple consultative examinations, has obtained testimony from a board certified medical expert in psychiatry and neurology, and submitted post-hearing interrogatories to the same medical expert. The medical expert concluded that there is no objective basis to find that the claimant has true seizures from an epileptiform disorder. The examining psychologists could not conclude with certainty that the claimant had a somatoform or conversion disorder, which caused pseudoseizure episodes, or whether the claimant's episodes were somatic symptoms of another mental disorder. In addition, there are no psychological treatment records to determine if psychological treatment might improve the alleged seizure episodes. Given the overall ambiguity of the evidence, despite the additional actions taken by the agency, the undersigned must find that the evidence concerning the claimant's seizures is insufficient to find that he is disabled under the Regulations. In an abundance of caution, the undersigned has included significant seizure-related limitations in the [RFC] finding, but the objective medical evidence has not supported greater functional limitations than those assigned during the period under review.

ORDER - 4

AR at 109.

This rationale addresses the psychogenic nature of Plaintiff's seizures, but nonetheless fails to explain why the ALJ found Plaintiff's seizures to be less intense, persistent, or limiting than Plaintiff alleged. In this paragraph, the ALJ focused on the lack of firm diagnosis of psychogenic seizures and/or the mental condition causing the seizures, but this focus is internally inconsistent with the ALJ's finding at step two that gave Plaintiff "the benefit of the doubt" in finding that his seizures and somatic symptom disorder are severe impairments. AR at 104. The ALJ's finding that those conditions are severe implies a finding that they are medically determinable. *See* 20 C.F.R. §§ 404.1521, 416.921 ("After we establish that you have a medically determinable impairment(s), then we determine whether your impairment(s) is severe.").

There is also an internal inconsistency between the ALJ's finding that Plaintiff's impairments could reasonably be expected to cause Plaintiff's alleged symptoms (AR at 108), and the ALJ's subsequent emphasis on the lack of conclusive objective medical evidence identifying the cause of Plaintiff's seizures (*id*. at 109). Given that the ALJ had found that Plaintiff's symptoms were reasonably linked to his medically determinable impairments, the ALJ was required to either credit Plaintiff's allegations in the RFC assessment, or provide clear and convincing reasons to discount the allegations. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *1 (Jul. 2, 1996) ("The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments[.]"); *Molina*, 674 F.3d at 1112 (describing the ALJ's two-step process for evaluating a claimant's allegations).

ORDER - 5

The ALJ's discussion of why he found Plaintiff's seizures were insufficient to support disability (AR at 109) does not provide clear and convincing reasons to discount *the alleged limitations*, but only highlights the ambiguity of the evidence related to the causes or existence of the impairments that the ALJ had already found to be medically determinable, severe, and linked to the symptoms alleged by Plaintiff. The ALJ's failure to explain why he did not credit Plaintiff's allegations as to the intensity, persistence, or limiting effects of the seizures is therefore erroneous. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (holding that an ALJ's RFC assessment must consider the limitations caused by all of a claimant's medically determinable impairments).

Although the Commissioner argues that the decision's internal inconsistency amounts to harmless error (dkt. # 20 at 6) in light of the substantial evidence supporting the ALJ's finding of insufficiency at page 109 in the decision, the Commissioner does not explain why the Court should credit the finding at page 109 rather than the ALJ's step-two finding or the ALJ's finding that Plaintiff's impairments could reasonably be expected to cause his symptoms. The Court cannot find that the decision's internal inconsistency is inconsequential to the ALJ's ultimate disability determination and declines the Commissioner's invitation to rewrite the ALJ's decision in a manner that is internally consistent. *See Gutierrez v. Colvin*, 2016 WL 67680, at *1 n.1 (C.D. Cal. Jan. 4, 2016) (finding that where an "ALJ appears to backtrack on [an] earlier finding of severe medically determinable hearing impairments[,]" "remand [is] required to clarify the decision").

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. §

ORDER - 6

405(g). On remand, the ALJ should (1) reconsider the findings at step two and their relationship to the RFC assessment; and (2) reconsider Plaintiff's allegations and his wife's allegations, either crediting them or providing legally sufficient reasons to discount the allegations.

Dated this 17th day of April, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7